UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<span>EVON</span> S<span>TREET</span>,

   Movant,

v.

U<span>NITED</span> S<span>TATES OF</span> A<span>MERICA</span>,

   Respondent.
_____/

Criminal Case No. 15-20624-5
Civil Case No. 17-10278

S<span>ENIOR</span> U.S. D<span>ISTRICT</span> J<span>UDGE</span>
A<span>RTHUR</span> J. T<span>ARNOW</span>

**O<span>RDER</span> D<span>ENYING</span> M<span>OVANT'S</span> M<span>OTION TO</span> V<span>ACATE</span> S<span>ENTENCE</span> P<span>URSUANT TO</span> 28 U.S.C. § 2255 [174]**

On January 27, 2017, Movant, Devon Street, filed the instant Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 [174]. On November 30, 2017, the Government filed a Response [210]. On December 27, 2017, Mr. Street filed a Reply [215]. For the reasons stated below, the Motion to Vacate and Correct Sentence [174] is **DENIED**.

**I<span>NTRODUCTION</span>**

This case presents the opportunity to review the state of the law of sentencing. Mr. Street argues that his counsel was ineffective for failing to object to the application of U.S.S.G. § 2D1.1(a)(2) in the calculation of his sentencing guidelines.

Since the guidelines are not mandatory, but rather advisory,[1] a mistake in their calculation will not always constitute reversible error. This is especially so where the Government moves for downward departure pursuant to § 5K1.1; such a motion renders the guidelines of less weight.

At sentencing, the Court considers both the guidelines' range and the § 5K1.1 motion, along with the important congressional factors set forth in 18 U.S.C. § 3553(a). *See Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Given the Court's assessment of various factors, an alleged miscalculation of the guidelines has less impact on the sentence imposed.

Mr. Street cannot show that his counsel was deficient. *See* Section I. Moreover, even if Mr. Street could show that his counsel were deficient, he fails to establish that he suffered prejudice as a result of his attorney's failure to object to the guidelines. *See* Section II. The congressional factors, together with the guidelines' range and the amount of cooperation of Mr. Street, resulted in a sentence that was appropriate for Mr. Street. Accordingly, he is not entitled to relief.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 16, 2015, a grand jury returned a Superseding Indictment [70] charging Devon Street, among others, with: Conspiracy to Distribute and to Possess with Intent to Distribute Heroin (Count I); Distribution of Heroin

---

[1] *See United States v. Booker*, 543 U.S. 220, 245 (2005); *see also* Alison Siegler, *Rebellion: The Courts of Appeals' Latest Anti-Booker Backlash*, 82 U. CHI. L. REV. 201 (2015).

Resulting in Serious Bodily Injury (Count II); Conspiracy to Distribute and to Possess with Intent to Distribute Heroin Within 1000 Feet of an Outdoor Facility Containing a Playground (Count III); Distribution of Heroin (Count V); Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime (Count XIII); and Felon in Possession of a Firearm (Count XVI).

On April 4, 2016, Mr. Street pleaded guilty to Conspiracy to Distribute and Possession with Intent to Distribute Heroin (Count I)[2] pursuant to a Rule 11 Plea Agreement ("Plea Agreement"). The Plea Agreement [114] provided that Mr. Street, along with seven other named defendants, agreed to possess and distribute heroin in Detroit from 2012 to 2015. The Plea Agreement included the following Relevant Conduct:

> On or about November 25, 2013 . . . DEVON STREET, knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, which distribution resulted in the serious bodily injury of another person, N.C., from the use of such substance. All parties agree that N.C. experienced serious bodily injury due to the fact that he was unconscious and barely breathing after ingesting the heroin provided by DEVON STREET. If not for the timely administration of Narcan (also known as Naloxone), a heroin antidote, N.C. faced a substantial risk of death. The parties further agree that the heroin was the "but for" cause of serious bodily injury as it was the sole cause of the injury.

---

[2] Count I carried a mandatory minimum penalty of five years of imprisonment and a maximum penalty of 40 years of imprisonment.

The Plea Agreement stated that upon the Court's acceptance of the Agreement, the Government would dismiss the five remaining counts against Mr. Street, including Count II which carried a mandatory minimum sentence of 20 years of imprisonment. Applying a base offense level of 38, the Plea Agreement set forth a sentencing guidelines' range of 210-262 months of imprisonment (17 years, 6 months - 21 years, 10 months). [Dkt. #114 at 13]. But, pursuant to Fed. R. Cr. P. 11(c)(1)(C), the parties agreed to a sentencing range of 180-240 months (15-20 years). *Id.* at 6.

At the Plea Hearing, Mr. Street testified that he had reviewed the Plea Agreement with his attorney and did not have any questions. Plea Hr'g Tr. 9:19-24, Apr. 4, 2016. Furthermore, the Government clarified that Mr. Street had agreed to the Plea Agreement's Relevant Conduct:

> Mr. Corbett: Mr. Street, you mentioned the specific distribution on November 25, 2013. And just to make sure we are on the same page pertaining to page four of the Plea Agreement, that is with regards to the distribution of the person initialed NC resulting in serious bodily injury, is that correct?
>
> The Defendant: Yes, sir.
>
> Mr. Corbett: And you are agreeing that it was heroin that you gave to that person, is that right?
>
> The Defendant: Yes, sir.
>
> STPHRAO [sic]: And that it was the but for cause of the serious bodily injury?

Page **4** of **12**

The Defendant: Yes.

*Id.* at 20:15-25; 21:1-2.

On July 11, 2016, the Court held a Sentencing Hearing. At the Sentencing Hearing, the Court noted that the Presentence Report provided a guidelines' range of 210-262 months (17 years, 6 months - 21 years, 10 months) and the Plea Agreement provided a range of 180-240 months (15-20 years). Sent'g Hr'g Tr. 7:5-6, July 11, 2016. The Government explained: "With regard to the relevant conduct[,] he's facing a minimum mandatory 20 year prison sentence up to life . . . . [but] we have agreed to drop that charge to allow him to be sentenced pursuant to the agreed upon guidelines range of 180 to 240 months." *Id.* at 7:23-25; 8:1-2.

The Government also moved for a 25% reduction in the sentence pursuant to § 5K1.1, advocating for a sentencing range of 135-180 months (11 years, 4 months - 15 years). *Id.* at 13:1; 23:15-16. In recommending a sentence of 158 to 180 months (13 years, 2 months to 15 years), the Government explained:

> Mr. Street also, as the Court knows, he provided the factual basis indicating that he had, in fact, distributed to an individual that resulted in serious bodily injury. The person would have likely died or faced a substantial likelihood of death but for the fact that there was some EMS officials present who would administer Narcan, a heroin anecdote, to bring the person back.
> Mr. Street has, by our Plea Agreement, has been given some significant breaks. The statute involving serious bodily injury, distribution causing serious bodily injury has a 20 year minimum mandatory up to life. And it would result in a mandatory life if there was a sentencing enhancement filed.

> There is an argument that he didn't have his prior felony drug offense prior to the distribution causing serious bodily injury. So we didn't file that and that's part of our Plea Agreement. But he's getting a significant break there, in addition to the other Counts that we are dropping on his behalf pursuant to the Plea Agreement . . . .

*Id.* at 10:1-18.

Mr. Street's attorney asked that the Court start at 90 months (7 years, 6 months) in imposing a sentence. *Id.* at 19:24-25.

The Court confirmed that all parties were in agreement as to the Presentence Report and the Plea Agreement. *Id.* at 8:10-14. Mr. Street stated that he did not have any questions about the Government's position. *Id.*

On July 26, 2016, the Court sentenced Mr. Street to 150 months (12 years, 6 months) of imprisonment on Count I. [Dkt. #143]. Mr. Street did not appeal his conviction. He filed the instant Motion to Vacate and Correct Sentence [174] on January 27, 2017.

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Mr. Street alleges a violation of his constitutional right to the effective assistance of counsel, an "error of constitutional magnitude." *Id.* Mr. Street argues that his counsel was ineffective by failing to object to an "enhancement" of his base offense level under § 2D1.1(a)(2) of the sentencing guidelines.[3]

To establish ineffective assistance of counsel, a movant must demonstrate that defense counsel: 1) rendered deficient performance; and 2) prejudiced the movant's defense, so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Moreover, "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S. 115, 125 (2011).

### I. Counsel did not render deficient performance

"Counsel's failure to object to an error at sentencing or failure to raise a viable argument that would reduce his client's sentence may constitute deficient performance." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (citing *United States v. Thomas*, 38 Fed. App'x. 198, 203 (6th Cir. 2002)).

---

[3] To the extent that Street argues that the Court erred in applying § 2D1.1(a)(2), *see* [Dkt. #174 at 9], this argument is without merit. Nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, not raised on direct appeal, generally are not cognizable on collateral review absent a miscarriage of justice. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). As evinced below, no such miscarriage of justice has occurred in this case.

However, a court owes "substantial deference to counsel's decisions not to raise an argument, even a meritorious argument, if the decision might be considered sound trial strategy." *Id.* (internal citation and quotation marks omitted). Counsel's omission of a sentencing argument constitutes deficient performance only if the omission was objectively unreasonable. *Id.*

Mr. Street was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and 846. Mr. Street was assigned a base offense level of 38. Section 2D1.1(a)(2) of the sentencing guidelines provides a base offense level of 38 if the defendant is convicted of § 841(b)(1)(A) or (b)(1)(B) and "the offense of conviction establishes that death or serious bodily injury resulted from the uses of the substance[.]"

In his Motion, Mr. Street notes that "the term 'offense of conviction' describes only the precise conduct constituting the crime for which the defendant was convicted, and does not include non-offense relevant conduct." *United States v. Rebmann*, 321 F.3d 540, 544 (6th Cir. 2003).

Mr. Street argues that his attorney's failure to object to the application of § 2D1.1(a)(2) was objectively unreasonable because his offense of conviction, Conspiracy to Distribute and to Possess with Intent to Distribute Heroin, did not establish that death or serious bodily injury resulted. Mr. Street maintains that he is

entitled to resentencing because the Government failed to prove beyond a reasonable doubt that N.C. suffered serious bodily injury.

As an initial matter, the Court recognizes that Mr. Street admitted on the record that he gave N.C. heroin that caused serious bodily injury. Mr. Street cannot now claim that counsel should have objected to facts to which he stipulated in open court. *See Morris v. United States*, No. 1:12-CR-91-1-HSM-WBC, 2017 WL 1088289, at *8 (E.D. Tenn. Mar. 21, 2017) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.")).

Furthermore, counsel's decision not to object to the application of § 2D1.1(a)(2), notwithstanding the fact that Conspiracy to Distribute and to Possess with Intent to Distribute Heroin was the offense of conviction, was not unreasonable; it was strategic. The Plea Agreement, coupled with the testimony at the plea and sentencing hearings, strongly suggest that counsel negotiated with the Government to secure a lower sentence for Mr. Street. "The Court is loath to second guess [counsel's] decisions, particularly given that '[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks.'" *United States v. Green*, No. 13-CR-20098, 2014 WL 6871394, at *4 (E.D. Mich. Dec. 5, 2014) (quoting *Premo*, 562 U.S. at 115)).

Finally, Mr. Street submits that "he did not fully understand that the offense level 38 under U.S.S.G. § 2D1.1(a)(2) was applicable to his case." [Dkt. #215 at 2]. However, the Court's "proper colloquy can be said to have cured any misunderstanding [Mr. Street] may have had about the consequences of his plea." *Ramos v. Rogers*, 170 F.5d 360, 565 (6th Cir. 1999). Accordingly, Mr. Street fails to satisfy the first prong of *Strickland*.

## II. Mr. Street was not prejudiced by his counsel's performance

Even if Mr. Street could demonstrate that his counsel rendered deficient performance, he fails to show that he suffered prejudice as a result of his attorney's decision not to object to the sentencing guidelines.

Where a movant who has pleaded guilty establishes that counsel was deficient, he must also show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Mr. Street's argument presumes that the guidelines' range was paramount in determining his sentence. However, this argument ignores the fact that the sentencing guidelines are both advisory and "one factor among several courts must consider in determining an appropriate sentence." *Kimbrough*, 552 U.S. at 90. The sentencing guidelines do not constrain the Court's discretion. *Beckles v. United States*, 137 S. Ct. 886, 889 (2017) (citing *Booker*, 543 U.S. at 245).

Moreover, where, as here, the Government moves for departure under § 5K1.1, the district court is given "wide latitude" in determining an appropriate sentence based on the congressional factors and facts of the case. *United States v. Powers*, 194 F.3d 700, 704 (6th Cir. 1999).

Assuming, *arguendo*, that Mr. Street's attorney had objected to the application § 2D1.1(a)(2), any resulting change in the sentencing guidelines would have had little effect on Mr. Street's ultimate sentence. In this case, the Plea Agreement provided a sentencing range of 180-240 months (15-20 years). The Government's § 5K1.1 motion afforded the Court wide latitude and supplemental discretion to determine an appropriate sentence. In fashioning a sentence of 150 months (12 years, 6 months) on Count I, the Court considered the guidelines and the congressional factors set forth in § 3553(a), including: general deterrence, special deterrence, dangerousness, disparity, attitude, family responsibilities, financial condition, age, and health. *See* Sent'g Hr'g Tr. at 24-27. The record makes clear that the sentencing guidelines' range, on its own, was not determinative of Mr. Street's sentence.

Mr. Street has not offered any evidence to establish a reasonable probability that he would not have pleaded guilty or would have received a lower sentence had his attorney objected to the guidelines' range. Accordingly, Mr. Street has not shown that he was prejudiced by his attorney's failure to object.

An evidentiary hearing is unnecessary because the record conclusively shows that Mr. Street is entitled to no relief. *See* 28 U.S.C. § 2255(b).

## CONCLUSION

For the reasons stated above, the Court denies Mr. Street's Motion to Vacate and Correct Sentence [174]. Mr. Street's current 150-month sentence remains intact. In addition, because Mr. Street has failed to make a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate and Correct Sentence [174] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a certificate of appealability.

**SO ORDERED**.

Dated: March 21, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge